WILLIAM M. COLWELL *vs.* HARVEY M. RICHARDS.

A receiptor agreed to keep chattels attached on mesne process until the attaching officer should call for them, and then deliver them to him, and further agreed to indemnify the officer against " all costs, trouble or expense that shall arise to him through any default in consequence of his entrusting said property in my hands." The receiptor delivered the chattels to the owner, who disposed of them, and the officer, upon a demand made upon him within thirty days after judgment, was obliged to satisfy the execution. *Held,* that the receiptor was liable to him, upon a demand made after the expiration of the thirty days.

ACTION OF CONTRACT upon a receipt signed by the defendant, which recited that the plaintiff had delivered to him certain chattels, attached by the plaintiff as deputy sheriff on mesne process in favor of Elizabeth Newhall against Thaddeus Phelps; and concluded thus : " In consideration thereof, I promise safely to keep the aforesaid property until the said William H. Colwell or his order shall call for it, then to deliver it to him or his order at such a time and place as he shall appoint, in like good order and condition as the same now is in; and I do further promise, that I will save and keep harmless the said William H. Colwell from all costs, trouble and expense that shall arise to him through my default in consequence of his entrusting said property in my hands."

The parties agreed upon a statement of facts, admitting that the plaintiff, when this receipt was made, was a deputy sheriff, and that the facts recited therein were true. The residue of the statement was as follows :

The property thus put into the hands of the defendant was immediately delivered by him to Phelps, who, while the action against him was pending, mortgaged it for its full value to a person ignorant of the attachment. The plaintiff in that action recovered judgment therein on the 17th of January 1857, for debt and costs of suit, and took out execution therefor on the 14th of February 1857, which on the 16th of February, after the plaintiff was out of office, was delivered to Joshua Lothrop, a deputy sheriff, with instructions to make a demand upon the

Colwell *v.* Richards.

plaintiff for the property attached; and, if the fact may be proved by parol, it is agreed that on the same day Lothrop duly demanded of the plaintiff said property, and the plaintiff thereupon delivered to Lothrop the contract in suit, first indorsing upon it a request to the defendant to deliver to Lothrop the property therein named. No demand for said property was made upon the defendant until more than thirty days after said judgment; but one was made before the commencement of this action, and the defendant refused to deliver it. Lothrop returned on the execution that he had made diligent search and could find no property of Phelps, and therefore returned the execution in no part satisfied. And it is still unsatisfied. The plaintiff has settled with Newhall, the plaintiff in the former suit.

If, on the foregoing facts, the plaintiff can maintain this action, he is to have judgment for the amount of the above execution. Otherwise, the judgment is to be for the defendant.

*C. I. Reed & W. W. Blodgett,* for the plaintiff.

*C. B. Farnsworth,* for the defendant. The attachment was dissolved in thirty days after judgment; and as no demand was made on the defendant for the property within that time, he is discharged. The defendant ought not to be held in such a case, except on an early notice; for, as he is a mere surety, he should have an opportunity to secure himself.

The fact that the plaintiff was in fault, by not having the property ready to deliver up on demand made on him, cannot affect the defendant's liability;. for he only promised to be responsible for his own default.

Shaw, C. J. This receipt was an obligation to indemnify the officer, as well as to keep the property. The officer by a demand within thirty days was made liable for the amount of the property, and to that extent was damnified, and the defendant, having delivered the property to the debtor, and thereby dissolved the attachment, is liable. *Webster* v. *Coffin,* 14 Mass 196. *Lawrence* v. *Rice,* 12 Met. 536.

*Judgment for the plaintiff.*